# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDRICK J. BUSH,       ) | |
|        **Petitioner**      ) | |
|         ) | |
| **v.**       ) | **Civil Action No. 04-12122-JLT** |
|         ) | |
| JOSEPH MCDONOUGH,       ) | |
|        **Respondent.**       ) | |

## RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

Respondent Joseph McDonough, in his capacity as the Sheriff of Plymouth County, Massachusetts (the "Respondent"), hereby submits this Memorandum of Law in support of his Motion to Dismiss (the "Motion") the habeas corpus petition (the "Petition") filed by Petitioner Fredrick J. Bush (the "Petitioner").[1] The Petition must be dismissed because the Petitioner has failed to satisfy the statutory requirement that he first exhaust state remedies.[2]

---

[1] In accordance with this Court's Order dated October 12, 2004, the Respondent has attached documents reflecting whether the Petitioner previously exhausted state remedies with respect to the matters raised by the Petition. Specifically, attached hereto as Exhibit A is a true and accurate copy of the docket from the Petitioner's underlying criminal case, Commonwealth v. Bush, Case No. PLCR2002-00091 in the Plymouth County Superior Court (the "Plymouth Docket"), and attached hereto as Exhibit B is a true and accurate copy of the docket from an interlocutory appeal filed by the Petitioner, Case No. SJ-2002-0558 in the Supreme Judicial Court of Massachusetts (the "SJC Docket"). The offering of such documents is not meant to imply that the Respondent considers the Petitioner to have exhausted state remedies. In fact, the Respondent takes a position to the contrary, as explained herein.

[2] Given that the Petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

## BACKGROUND

The Petitioner is currently an inmate at the Plymouth County Correctional Facility, which is located in Plymouth, Massachusetts and operated by the Plymouth County Sheriff's Department. His incarceration arises from convictions on violent and weapons-related offenses.

On February 15, 2002, an indictment was returned against him on the following charges: distributing or manufacturing a Class B substance, phencyclidine/cocaine (Count I); resisting arrest (Count II); armed assault with intent to murder (Count III); assault and battery with a dangerous weapon (Counts IV and VI); possessing or transferring a dangerous weapon without a firearms identification card (Count V); and committing a drug offense in the vicinity of school property (Count VII). (Plymouth Docket at 3, 8-9.) He was arraigned before the Plymouth County Superior Court on March 8, 2002. (Id. at 3.)

The Superior Court's docket reflects that the Petitioner filed numerous pretrial motions. Among these was a motion to suppress evidence seized by the government, which was filed on October 4, 2002 and denied on December 9, 2002. (Id. at 5.) Consequently, on December 16, 2002, the Petitioner filed a Notice of Interlocutory Appeal and petitioned the Supreme Judicial Court of Massachusetts ("SJC") for leave to file an interlocutory appeal of the denial of his motion to suppress. (Id. at 3; SJC Docket at 1.) The SJC (Greaney, J.) denied his request for an interlocutory appeal on February 21, 2003. (SJC Docket at 1.)

Between October 14 and October 16, 2003, the Superior Court (Hinkle, J.) dismissed Count III of the indictment on a motion by the Commonwealth, and it allowed the Petitioner's motion for a required finding of not guilty as to Count I of the indictment, but not as to the other remaining counts. (Plymouth Docket at 6-7.) On October 17, 2003, following a jury trial, the Petitioner was found guilty on Counts II, IV, V, VI, and VII. (Id.) On Count II, he was given a

sentence of between two years and two years and one day at the Massachusetts Correctional Institution at Cedar Junction ("MCI - Cedar Junction"), but was given 680 days of credit for time served. (Id. at 7.) On each of Counts IV and V, he was sentenced to two years at the Plymouth County Correctional Facility. (Id.) The Petitioner was also sentenced to serve two years on probation on Count VI and two concurrent years on probation on Count VII. (Id.) Additionally, the court assessed a $150.00 drug fee and a $90.00 victim-witness fee, and it imposed terms of probation that included drug testing, random urinalyses, anger management, and the payment of a $65.00 monthly probation supervision fee. (Id.)

On October 22, 2003, the Petitioner filed a nonspecific Notice of Appeal. (Id. at 7; Notice of Appeal of 10/22/03, a true and accurate copy of which is attached hereto as Exhibit C.) Then, on October 31, 2003, the Petitioner filed another Notice of Appeal challenging, in particular, his sentence to MCI-Cedar Junction on Count II. (Plymouth Docket at 8.) His appeal of the sentence on Count II was referred to the Appellate Division of the Superior Court, and it was dismissed without prejudice and without a hearing on July 23, 2004. (Id.)

The Petitioner filed additional papers in state court following his trial. In particular, he filed the following pro se: a November 17, 2003 motion to waive his victim-witness, drug, and probation supervision fees; a November 24, 2003 nonspecific notice of appeal; a November 24, 2003 motion to revise and revoke his sentence, which was held by the court on the Petitioner's request; a June 24, 2004 motion for release from unlawful restraint; and a September 7, 2004 motion to compel the Superior Court to take action on his June 24, 2004 motion. (Id.; Notice of Appeal of 11/24/03, a true and accurate copy of which is attached hereto as Exhibit D; Motion to Compel of 9/7/04, a true and accurate copy of which is attached hereto as Exhibit E.) At no

point, however, did the Petitioner commence a direct appeal of any of his convictions, notwithstanding his several notices of appeal.

The Petitioner filed his Petition requesting habeas corpus relief on October 5, 2004.

## ARGUMENT

### The Petitioner failed to satisfy the statutory requirement that he exhaust state remedies prior to filing his Petition.

The Petitioner is barred from pursuing this action because he failed to satisfy the statutory requirement that he exhaust his state remedies prior to filing his Petition. This exhaustion requirement is codified at 28 U.S.C. § 2244, which provides in relevant part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, Title I, § 104, 110 Stat. 1218 (effective April 24, 1996).

The exhaustion requirement is primarily designed to promote comity in our system of federalism, as the U.S. Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court

conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950), overruled in non-relevant part by Fay v. Noia, 372 U.S. 391 (1963)); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) (explaining that exhaustion requirement embodies "the federal sovereign's respect for the state courts' capability to adjudicate federal rights"); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 819 (1st Cir. 1988) (noting that exhaustion requirement "ensures that state courts have the first opportunity to correct their own constitutional errors," enables federal courts to accord appropriate respect for state sovereignty, and promotes comity by minimizing friction between federal and state justice systems). An additional benefit of the requirement is that "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Rose, 455 U.S. at 519.

In light of these important purposes, "a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of his federal claim." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (noting that "setting forth the factual underpinnings of a claim is insufficient, in and of itself" as the "petitioner must also elucidate the legal foundation of his federal claim"); see also Nadworny, 872 F.2d at 1096 (stating that state prisoner must present both factual and legal underpinnings of claim to state

courts for exhaustion requirement to be found satisfied).  Moreover, it is not sufficient for a petitioner to raise his federal claims merely through a motion in state trial court or even an appeal to an intermediate court.  Rather, he must "present, or do his best to present, his federal claim to the state's highest tribunal." Adelson, 131 F.3d at 263; see also Mele, 850 F.2d at 819-20 (stating that it has long been the rule that power of highest state court must be exhausted before federal court will consider questions posed in habeas petition; affirming that "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal"; and noting that Massachusetts petitioner was obliged to try to bring his constitutional objections before SJC to preserve them for federal habeas review).

The Petitioner here cannot meet his heavy burden, because he has not even approached an exhaustion of state remedies.  Indeed, he has never filed a direct appeal of his conviction or otherwise made any attempt to place his conviction squarely before the SJC.  The Petitioner has filed papers, to be sure.  These have included the following:  an interlocutory appeal of a motion to suppress evidence seized by the government; an appeal to the Appellate Division of his sentence; two other notices of appeal; a motion to waive his victim-witness, drug, and probation supervision fees; a motion to revise and revoke his sentence; a motion for release from unlawful restraint; and a motion to compel the Superior Court to take action on his motion for release from unlawful restraint.  However, only the first of these, his interlocutory appeal, was presented to the state's highest tribunal.[3]  His filing of that appeal does not satisfy the exhaustion requirement.

---

[3] The other motions filed by the Petitioner in the trial court could not have satisfied the exhaustion requirement even if they had been appealed to the SJC, because the motions did not attack the merits of the Petitioner's conviction. See Bland v. Hall, 2002 WL 989532, at *2 (D. Mass. May 14, 2002) (stating that a motion to revise and revoke "does not challenge the legal sufficiency of the conviction or imposition of the sentence.  Rather, it provides a mechanism whereby the trial judge may reconsider a concededly lawful sentence to remedy some perceived unfairness."), aff'd, 2003 WL 1825681 (1st Cir. Apr. 8, 2003); Sheriff of Suffolk County v. Pires, 438 Mass. 96, 99-100, 777 N.E.2d 1231, 1233-34 (2002) (stating that state writ of habeas corpus cannot be used to challenge merits of

First, an interlocutory appeal to the SJC will not be considered an exhaustion of state remedies where the Petitioner retains the ability to raise his federal claims after trial through the state's direct appellate process. See Hutson v. Justices of Wareham Dist. Court, 552 F. Supp. 974, 977-78 (D. Mass. 1982) (noting that, in Costarelli v. Massachusetts, 421 U.S. 193 (1975), "the Supreme Court found that a decision denying relief under the Court's superintendency powers is not a final judgment of the state's highest court"). Second, the Petition here raises federal claims beyond those related to the suppression of evidence seized from him by the government. Thus, even if the Petitioner could be found to have exhausted the claims raised within his interlocutory appeal, he could not be found to have exhausted all of the federal claims advanced in his Petition. A petition containing any unexhausted claims runs afoul of the exhaustion requirement. See Rose, 455 U.S. at 510, 518-20. In short, the Petitioner seemingly raised challenges through every type of filing except that which may have actually effected review of his conviction by the state's high court. His failure to exhaust state remedies could not be more plain.

The Petitioner's failure to exhaust was not excused by application of any statutory alternative to exhaustion. As in Mele, the Petitioner has not argued and cannot argue that there is an absence of state collateral procedures available to permit him to raise his federal claims. 850 F.2d at 824 (stating that court was unaware of any lack of available procedures in Massachusetts, and noting that "Massachusetts provides a broad panoply of procedures for post-conviction challenges to the validity of criminal sentences"). He also cannot maintain that any such assertion of federal claims in state court would be futile, and "it would be presumptuous . . . to conclude that [the Petitioner] is barred from seeking such relief when he has never endeavored to pursue it." Id.

---

criminal conviction). This Court need not reach this issue, however, in light of the Petitioner's failure to place such matters before the SJC.

In light of the Petitioner's complete failure to exhaust state remedies and inability to invoke any statutory exception, dismissal of the Petition at issue is warranted. See, e.g., Rose, 455 U.S. at 510 (affirming that statutory scheme requires dismissal of petition containing nonexhausted claims); Duckworth, 454 U.S. at 4 ("Because obvious constitutional errors, no less than obscure transgressions, are subject to the requirements of § 2254(b), the Court of Appeals was obligated to dismiss respondent's petition.").

## CONCLUSION

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed in its entirety.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  November 4, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on November 4, 2004, by first-class mail, postage prepaid, upon the following:

Fredrick J. Bush (pro se)
Plymouth County Correctional Facility
28 Long Pond Road
Plymouth, MA  02360.

Randall E. Ravitz

**EXHIBIT A**

# Commonwealth of Massachusetts
## SUPERIOR COURT
## Case Summary
## Criminal Docket

## Commonwealth v Bush, Frederick J

Details for Docket: PLCR2002-00091

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | PLCR2002-00091 | **Caption:** | Commonwealth v Bush, Frederick J |
| **Entry Date:** | 02/15/2002 | **Case Status:** | Criminal 1 - CtRm 1 ( Brockton) |
| **Status Date:** | 11/24/2003 | **Session:** | Disposed (appeal pendin |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 03/08/2002 | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: PLCR2002-00091

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Bush | **First Name:** | Frederick J |
| **Address:** | Homeless | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Plaintiff |
|---|---|---|---|
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

4 Attorneys Involved for Docket: PLCR2002-00091

**Attorney Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Vitali | **Firm Name:** | |
| **Address:** | 142 Main Street | **First Name:** | Michael A |
| **City:** | Brockton | **Address:** | Suite 406 |
| **Zip Code:** | 02301 | **State:** | MA |
| **Telephone:** | 508-894-0050 | **Zip Ext:** | |
| **Fascimile:** | | **Tel Ext:** | |
| | | **Representing:** | Bush, Frederick J (Defendant) |

**Attorney Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Sullivan | **Firm Name:** | PLYM01 |
| **Address:** | 32 Belmont Street | **First Name:** | James M |
| **City:** | Brockton | **Address:** | |
| **Zip Code:** | 02401 | **State:** | MA |
| **Telephone:** | 508-584-8120 | **Zip Ext:** | |
| **Fascimile:** | 508-586-3578 | **Tel Ext:** | |
| | | **Representing:** | Commonwealth, (Plaintiff) |

**Attorney Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Obligato | **Firm Name:** | MA130 |
| **Address:** | 44 Bromfield Street | **First Name:** | Carlo A |
| **City:** | Boston | **Address:** | Suite 310-A |
| **Zip Code:** | 02108 | **State:** | MA |
| **Telephone:** | 617-482-6212 | **Zip Ext:** | |
| **Fascimile:** | 617-988-8484 | **Tel Ext:** | |
| | | **Representing:** | Bush, Frederick J (Defendant) |

**Attorney Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Moretti | **Firm Name:** | |
| **Address:** | 198 Tremont Street | **First Name:** | Michele R |
| **City:** | Boston | **Address:** | PMB 260 |
| **Zip Code:** | 02116 | **State:** | MA |
| **Telephone:** | 617-262-5558 | **Zip Ext:** | |
| **Fascimile:** | 617-262-5558 | **Tel Ext:** | |
| | | **Representing:** | Bush, Frederick J (Defendant) |

## Calendar Events

26 Calendar Events for Docket: PLCR2002-00091

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|-----|-------------|-------------|-----------------|------|---------------|
| 1 | 03/08/2002 | 09:00 | Arraignment | 1 | Event held as scheduled |
| 2 | 03/13/2002 | 09:00 | Hearing: Misc Matters | 1 | Event held as scheduled |
| 3 | 04/03/2002 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 4 | 05/09/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 5 | 05/20/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 6 | 05/24/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 7 | 05/28/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 8 | 06/26/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 9 | 07/30/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 10 | 08/28/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 11 | 09/19/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 12 | 10/02/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 13 | 10/11/2002 | 09:00 | Hearing: Motion | 1 | Event held as scheduled |
| 14 | 11/18/2002 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event not held--joint request |
| 15 | 11/25/2002 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 16 | 11/27/2002 | 09:00 | Hearing: Motion | 1 | Event held as scheduled |
| 17 | 12/09/2002 | 09:00 | Hearing: Motion | 1 | Event held as scheduled |
| 18 | 02/13/2003 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 19 | 02/18/2003 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 20 | 03/05/2003 | 09:00 | Hearing: Compliance | 1 | Event not held--joint request |
| 21 | 03/10/2003 | 09:00 | Hearing: Misc Matters | 1 | Event held as scheduled |
| 22 | 04/01/2003 | 09:00 | Hearing: Evidentiary-dismiss | 1 | Event held as scheduled |
| 23 | 04/17/2003 | 09:00 | Hearing: Motion | 1 | Event canceled not re-scheduled |
| 24 | 04/23/2003 | 09:00 | Hearing: Motion | 1 | Event not held--joint request |
| 25 | 09/03/2003 | 09:00 | Conference: Lobby | 1 | Event held as scheduled |
| 26 | 09/15/2003 | 09:00 | TRIAL: by jury | 1 | Event not held--joint request |

## Full Docket Entries

196 Docket Entries for Docket: PLCR2002-00091

| Entry Date: | Paper No: | Docket Entry: |
|-------------|-----------|---------------|
| 02/15/2002 | 1 | Indictment returned |
| 03/08/2002 | | Deft arraigned before Court |

| Date | | Description |
|---|---|---|
| 03/08/2002 | | RE Offense 1:Plea of not guilty |
| 03/08/2002 | | RE Offense 2:Plea of not guilty |
| 03/08/2002 | | RE Offense 3:Plea of not guilty |
| 03/08/2002 | | RE Offense 4:Plea of not guilty |
| 03/08/2002 | | RE Offense 5:Plea of not guilty |
| 03/08/2002 | | RE Offense 6:Plea of not guilty |
| 03/08/2002 | | RE Offense 7:Plea of not guilty |
| 03/08/2002 | 2 | Notice of assignment of counsel. |
| 03/08/2002 | | Deft ordered held without bail. |
| 03/08/2002 | 3 | Commonwealth's motion for order of pre-trial detention based on |
| 03/08/2002 | 3 | dangerousness. |
| 03/08/2002 | 4 | Special mittimus on indictment issued. |
| 03/08/2002 | | Case continued to March 13, 2002 for dangerousness hearing. (Chin, |
| 03/08/2002 | | J.) T. Meany, court reporter |
| 03/08/2002 | 8 | Appearance of Sullivan for the Commonwealth |
| 03/13/2002 | 5 | Appearance of Deft's Atty: Michael A Vitali |
| 03/13/2002 | 6 | Order of pre-trial detention findings and reasons |
| 03/13/2002 | | All prior bail orders revoked |
| 03/13/2002 | | Re; Offense # 1:Bail set: $250,000.00 Surety or $25,000.00 CASH |
| 03/13/2002 | | (Conditions of recognizance: Stay away from victim) |
| 03/13/2002 | | Bail warning read |
| 03/13/2002 | 7 | Mittimus issued to Plymouth County Correctional Facility) |
| 03/13/2002 | | Continued until April 3, 2002 for pre-trial conference (Chin,J) |
| 03/13/2002 | | T.Meany, court reporter |
| 04/03/2002 | 9 | Pre-trial conference report filed |
| 04/03/2002 | 10 | Motion by Deft: for funds to hire a private investigator |
| 05/03/2002 | | Continued until May 9, 2002 for discovery motions (Chin,J) T.Meany, |
| 05/03/2002 | | court reporter |
| 05/09/2002 | | Motion (P#10) allowed (Nonnie S. Burnes). Copies mailed May 14, 2002 |
| 05/09/2002 | 11 | Motion by Deft: for statements of co-defendants, filed and allowed |
| 05/09/2002 | 11 | (Burnes, J.) |
| 05/09/2002 | 12 | Motion by Deft: for names and dates of birth of all persons present, |
| 05/09/2002 | 12 | filed and allowed (Burnes, J.) |
| 05/09/2002 | 13 | Motion by Deft: for production of police department reports under |
| 05/09/2002 | 13 | Rule 23 |
| 05/09/2002 | 14 | Motion by Deft: for exculpatory evidence-rewards, promises, and |
| 05/09/2002 | 14 | consideration |
| 05/09/2002 | 15 | Motion by Deft: for discovery of medical evidence |
| 05/09/2002 | 16 | Motion by Deft: for exculpatory evidence |
| 05/09/2002 | | Continued until May 20, 2002 by agreement for motions (Burnes,J.) C. |
| 05/09/2002 | | Crawford, court reporter |

| Date | | Description |
|------|---|-------------|
| 05/20/2002 | | Continued until May 24, 2002 by agreement for motions (Burnes,J) |
| 05/20/2002 | | K.Crawford, court reporter |
| 05/24/2002 | | Continued until May 28, 2002 by agreement for motions (Burnes,J) |
| 05/24/2002 | | K.Crawford, court reporter |
| 05/28/2002 | | Continued until June 26, 2002 by agreement for motions (Burnes,J) |
| 05/28/2002 | | K.Crawford, court reporter |
| 06/26/2002 | | Continued until July 30, 2002 by agreement for motions & trial |
| 06/26/2002 | | assignment (Hely,J) K.Crawford, court reporter |
| 08/15/2002 | | Case continued to August 28, 2002 for hearing on motions by |
| 08/15/2002 | | agreement. Leo P. Foley, Asst. Clerk R. Griffin, court reporter |
| 08/28/2002 | | Case continued to September 19, 2002 by agreement for motions. |
| 08/28/2002 | | (Walker, J.) R. Griffin, court reporter |
| 09/19/2002 | | Continued until October 2, 2002 by agreement for motion to suppress |
| 09/19/2002 | | (Walker,J.) A. MacDonald, court reporter |
| 10/02/2002 | | Case continued to October 11, 2002 by agreement for motion to |
| 10/02/2002 | | suppress. (Walker, J.) A. MacDonald, court reporter |
| 10/04/2002 | 17 | Defendant's motion to suppress illegally seized evidence |
| 10/11/2002 | | Continued until November 18, 2002 by agreement for motion to suppress |
| 10/11/2002 | | (Brady,J) S.Bates, court reporter |
| 11/18/2002 | | Case continued to November 25, 2002 by agreement for motion to |
| 11/18/2002 | | suppress. (Ball, J.) R. Griffin, court reporter |
| 11/25/2002 | 18 | Motion by Deft: to compel discovery |
| 11/25/2002 | | Continued until November 27, 2002 by agreement for motion to |
| 11/25/2002 | | suppress (Ball,J.) R. Griffin, court reporter |
| 11/27/2002 | | After hearing on defendant's motion to suppress Case continued to |
| 11/27/2002 | | December 9, 2002 at the request of the defendant. Time excluded under |
| 11/27/2002 | | Rule 36 (Ball,J) |
| 12/09/2002 | | Motion (P#17) denied, After evidentiary hearing held on 11/27/02 and |
| 12/09/2002 | | 12/9/02, Findings of Fact and ruling dictated into the record on |
| 12/09/2002 | | 12/9/02 at approxiamately 3pm (Carol S. Ball, Justice). |
| 12/09/2002 | 19 | Motion by Deft: for the productyion of a transcript of the motion to |
| 12/09/2002 | 19 | suppress hearing; filed and allowed (Ball,j) |
| 12/09/2002 | 20 | Motion by Deft: for the production of a transcript of the detention |
| 12/09/2002 | 20 | hearing; filed and allowed (Ball,J) |
| 12/16/2002 | 21 | Notice of Interlocutory Appeal filed by Frederick J Bush |
| 01/22/2003 | | Continued until February 13,2003 by agreement for motion to suppress |
| 01/22/2003 | | (Sikora,J) B.StCharles, court reporter |
| 01/24/2003 | 22 | Deft's motion for expedited transcript filed and allowed. (Sikora, |
| 01/24/2003 | 22 | J.) |
| 02/13/2003 | | Case continued to February 18, 2003 by agreement for discovery |
| 02/13/2003 | | motion. (Chin, J.) T. Meany, court reporter |

| 02/20/2003 | 23 | Deft's motion for the disclosure of the identity of the informant. |
| 02/20/2003 | | Case continued to March 5, 2003 by agreement for discovery |
| 02/20/2003 | | compliance. (Chin, J.) T. Meany, court reporter |
| 02/26/2003 | 24 | ORDER(APPEALS COURT): Order denying application for Interlocutory |
| 02/26/2003 | 24 | Appeal |
| 03/05/2003 | | Case continued to March 10, 2003 at request of the Commonwealth. |
| 03/05/2003 | | (Chin, J.) T. Meany, court reporter |
| 03/10/2003 | | Continued until April 23, 2003 by agreement for motions (Chin,J) T. |
| 03/10/2003 | | Meany, court reporter |
| 03/13/2003 | | Continued until April 1, 2003 by agreement for motion to dismiss |
| 03/13/2003 | | (Chin,J) T. Meany, court reporter |
| 04/01/2003 | | Continued until April 17, 2003 at request of deft for motion to |
| 04/01/2003 | | suppress (Chin,J) T. Meany, court reporter |
| 04/25/2003 | 25 | Motion by Deft: to dismiss |
| 04/30/2003 | | Motion (P#23) denied, DA agrees C.I. will not be a witness (Charles |
| 04/30/2003 | | J. Hely, Justice). T. Meany, court reporter |
| 04/30/2003 | | Motion (P#25) denied, The Grand Jury evidence and the reasonabe |
| 04/30/2003 | | inferences that the Grand Jury could draw are sufficient to provide |
| 04/30/2003 | | probable cause on a knowing possession with intent to distribute |
| 04/30/2003 | | regarding Indictments 004 & 005 (Charles J. Hely, Justice). T. Meany, |
| 04/30/2003 | | court reporter |
| 08/11/2003 | | Case scheduled on September 3, 2003 for conference ( Leo Foley, |
| 08/11/2003 | | Assistant Clerk) |
| 09/03/2003 | | After Lobby conference with Ball,J Case scheduled before Chin,J for |
| 09/03/2003 | | trial on September 9/15/03 (L.P. Foley, Asst. Clerk) |
| 09/25/2003 | 26 | Deft files anticipated witness list |
| 10/14/2003 | | RE Offense #3 Commonwealth's moves to dismiss (Orally) with assent of |
| 10/14/2003 | | defendant Allowed (Hinkle, J.) S. Bates, court reporter |
| 10/14/2003 | | RE Offense 3:Dismissed |
| 10/14/2003 | 27 | Motion by Deft: for sequestration of witnesses, filed and allowed |
| 10/14/2003 | 27 | (Hinkle,J.) |
| 10/14/2003 | 28 | Motion by Deft: to preclude use of the term "Victim", filed and |
| 10/14/2003 | 28 | allowed (Hinkle,J.) |
| 10/14/2003 | 29 | Motion by Deft in Limine to exclude evidence of defendant's priors |
| 10/14/2003 | 29 | convictions ,reserved (Hinkle,J.) |
| 10/14/2003 | 30 | Motion by Deft: in limine to prohibit the Commonwealth from admitting |
| 10/14/2003 | 30 | evidence provided by an anonymous informant Allowed in part as set |
| 10/14/2003 | 30 | forth in open court (see record) (Hinkle,J.) |
| 10/14/2003 | 31 | Motion by Deft: in limine to strike prejudicial materials from |
| 10/14/2003 | 31 | intended Commonwealth's exhibits, moot (Hinkle,J.) |
| 10/14/2003 | 32 | Jury of 14 members impanelled |

| Date | No. | Description |
|---|---|---|
| 10/15/2003 | 33 | Motion by Deft: for required finding of not guilty, after hearing |
| 10/15/2003 | 33 | allowed as to #1 and otherwise denied (Hinkle,J.) |
| 10/15/2003 | | RE Offense 1:Not guilty finding |
| 10/16/2003 | 34 | Renewed motion by the Defendant for required finding of not guilty, |
| 10/16/2003 | 34 | denied with respect to remaining indictments (Hinkle,J) |
| 10/17/2003 | | Any and all prior orders of bail are revoked |
| 10/17/2003 | | Defendant remanded to the Custody of the Sheriff of Plymouth County |
| 10/17/2003 | 40 | Warrant for remand issued (Hinkle,J.) S. Bates, court reporter |
| 10/17/2003 | | Sentencing on October 22, 2003 @ 9:00 AM (Hinkle,J.) S. Bates, court |
| 10/17/2003 | | reporter |
| 10/17/2003 | 35 | RE Offense 2:Guilty verdict |
| 10/17/2003 | 36 | RE Offense 4:Guilty verdict |
| 10/17/2003 | 37 | RE Offense 5:Guilty verdict |
| 10/17/2003 | 38 | RE Offense 6:Guilty verdict |
| 10/17/2003 | 39 | RE Offense 7:Guilty verdict |
| 10/22/2003 | | RE Offense #2 Defendant sentenced to 2 to 2 years & 1 day MCI Cedar |
| 10/22/2003 | | Junction (680 days credit) (Hinklel,Justice) S. Bates, court reporter |
| 10/22/2003 | 40 | Defendant's motion for to set aside guilty verdict, denied (Hinkle,J.) |
| 10/22/2003 | | RE Offense #4 Defendant sentenced to 2 years Plymouth County HOC from |
| 10/22/2003 | | and after #2 (Mandatory) (Hinkle,Justice)S. Bates, court reporter |
| 10/22/2003 | | RE Offense #5 Defendant sentenced to 2 years Plymouth County HOC from |
| 10/22/2003 | | and after #4 (Mandatory) (Hinkle,Justice) S. Bates, court reporter |
| 10/22/2003 | | Drug fee assessed: $150.00 |
| 10/22/2003 | | Victim-witness fee assessed: $90.00 |
| 10/22/2003 | | RE: offense #6 : 2 years probation (Hinkle,J.) S. Bates, court |
| 10/22/2003 | | reporter |
| 10/22/2003 | | RE: offense #7: 2 years probation concurrent with #6 (Hinkle,J.) S. |
| 10/22/2003 | | Bates, court reporter |
| 10/22/2003 | | Conditions: drug testing, random urinalysis, anger management |
| 10/22/2003 | | Probation supervision fee $65.00 per month(Hinlke,J.) S. Bates, court |
| 10/22/2003 | | reporter |
| 10/22/2003 | 41 | Notified of right of appeal under Rule 65 |
| 10/22/2003 | | Notified of right of appeal under Rule 64 |
| 10/22/2003 | 42 | #2 Warrant for commitment (with assessments) (Hinkle,J.) S. Bates, |
| 10/22/2003 | 42 | court reporter |
| 10/22/2003 | 43 | #4 Warrant for commitment (Hinkle,J.) S. Bates, court reporter |
| 10/22/2003 | 44 | #5 Warrant for commitment (Hinkle,J.) S. Bates, court reporter |
| 10/22/2003 | 45 | Abstract sent to RMV |
| 10/22/2003 | 46 | Memorandum in aid of sentencing |
| 10/22/2003 | 47 | NOTICE of APPEAL FILED by Frederick J Bush |
| 10/30/2003 | 48 | Notice to Justice DA and defense counsel of defendant's notice of |

| 10/30/2003 | 48 | appeal |
| 10/30/2003 | 49 | Court Reporter Bates, Susan B. is hereby notified to prepare one copy |
| 10/30/2003 | 49 | of the transcript of the evidence of October 14-17, 2003, and Court |
| 10/30/2003 | 49 | Reporter, Griffin, Regina is hereby notified to prepare one copy of |
| 10/30/2003 | 49 | the transcript of evidence of November 27, 2002 and December 9, 2002 |
| 10/30/2003 | 50 | Court Reporter Bates, Susan B. is hereby notified to prepare one copy |
| 10/30/2003 | 50 | of the transcript of the evidence of October 22, 2003. |
| 10/31/2003 | 51 | Re Offense 002:Notice of appeal from sentence to Cedar Junction MCI |
| 10/31/2003 | 51 | (Walpole) filed by deft. |
| 11/13/2003 | 52 | Re Offense 002:Letter transmitted to the Appellate Division. All |
| 11/13/2003 | 52 | parties notified November 13, 2003 |
| 11/17/2003 | 53 | Pro Se Motion by Deft: to waive victim witness, drug and probation |
| 11/17/2003 | 53 | supervision fee |
| 11/24/2003 | 53 | Pro-se NOTICE of APPEAL FILED by Frederick J Bush |
| 11/24/2003 | 53 | Defendant files pro-se motion to revise and revoke sentence (hold per |
| 11/24/2003 | 53 | deft) |
| 11/26/2003 | 54 | Notice to Justice, D.A. and deft. of pro se motion to waive fees |
| 12/17/2003 | 55 | Appearance of Deft's Atty: Carlo A Obligato |
| 01/02/2004 |    | Motion (P#53) denied (Hinkle, Justice). Copies mailed |
| 01/09/2004 | 56 | Notice of assignment of counsel (CPCS) |
| 02/02/2004 | 57 | Appearance of Moretti for the defendant. |
| 06/24/2004 | 58 | Pro Se Motion by Deft: for release from unlawful restraint |
| 06/24/2004 | 59 | Notice to Justice, DA and deft. of pro se motion for release from |
| 06/24/2004 | 59 | unlawful restraint |
| 07/02/2004 |    | Transcript of testimony received volumes # 2 from court reporter, |
| 07/02/2004 |    | Griffin, Regina M. |
| 07/23/2004 | 60 | ORDERED: (Appellate Division) that the judgements imposing said |
| 07/23/2004 | 60 | sentences stand and that said appeal be and is hereby dismissed |
| 07/23/2004 | 60 | without prejudice and without hearing |
| 09/07/2004 | 61 | Pro-se Motion by Deft: to compel |

## Charges

7 Charges for Docket: PLCR2002-00091

| No. | Charge Description: | Indictment: | Status: |
|-----|---------------------|-------------|---------|
| 1 | Class B substnc, phencyclidine/cocaine, distrib/manufac | | Guilty verdict |
| 2 | Resisting a police officer making a lawful arrest | | Guilty verdict |
| 3 | Assault, armed, intent to murder | | Not guilty findin( |
| 4 | Assault & battery, dangerous weapon | | Guilty verdict |

| 5 | Dang weapon, possess/transfr gun/ammo, no ID card | Guilty verdict |
| 6 | Assault & battery, dangerous weapon | Dismissed |
| 7 | Controlled substnc, school property | Guilty verdict |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

**EXHIBIT B**

# SUPREME JUDICIAL COURT
## for Suffolk County
### Case Docket

### COMMONWEALTH vs. FREDERICK BUSH
SJ-2002-0558

## CASE HEADER

| Case Status | Interlocutory appeal denied | Status Date | 02/21/2003 |
|---|---|---|---|
| Nature | Lv for interloc appeal | Entry Date | 12/16/2002 |
| Sub-Nature | Mot to Suppress | Single Justice | Greaney, J. |
| TC Ruling | Mot to Suppress denied | TC Ruling Date | 12/09/2002 |
| SJ Ruling | Deft Int Appeal denied | TC Number | |
| Pet Role Below | Defendant in lower court | Full Ct Number | |
| Lower Court | Plymouth Superior Court | Lower Ct Judge | Carol Stroud Ball, J. |

## INVOLVED PARTY | ATTORNEY APPEARANCE

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Frederick Bush** <br> Defendant/Petitioner | Michael A. Vitali, Esquire |
| **Commonwealth** <br> Plaintiff/Respondent | Christine Kiggen, Assistant District Attorney |

## DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 12/16/2002 | | Case entered. |
| 12/16/2002 | #1 | MOTION to Waive Filing Fee, filed by Attorney Michael A. Vitali. |
| 12/16/2002 | #2 | Affidavit in Support of Motion to Waive Entry Fee filed by Attorney Michael A. Vitali. |
| 12/16/2002 | | Filing fee waived. (Per ges) |
| 12/16/2002 | #3 | Defendant's Petition for Leave to Appeal Denial of Motion to Suppress Pursuant to Mass.R.Crim.Pro.15(a)(2) filed by Attorney Michael A. Vitali with certificate of service. |
| 02/03/2003 | #4 | Memorandum of Law in Support of Defendant's Petition for Leave to File Interlocutory Appeal filed by Atty Michael Vitali with certificate of service. |
| 02/03/2003 | #5 | Transcript of Excerpt of Motion to Suppress Hearing from Plymouth Superior Court Docket No. 02-00091(001-007) dated December 9, 2002 before Ball, J. |
| 02/03/2003 | #6 | Search Warrant with attached Affidavit in Support of Search Warrant filed by Atty Michael Vitali. |
| 02/19/2003 | #7 | Commonwealth's Opposition to Defendant's Petition for Leave to Appeal pursuant to Mass. R. Crim. Pro. 15(a)(2) filed by ADA Christine Kiggen with certificate of service. |
| 02/21/2003 | #8 | ORDER: Interlocutory appeal denied. (Greaney, J.) |
| 02/25/2003 | #9 | Notice to counsel, regarding paper number 8 filed. |

As of 12/28/2003 14:35

**EXHIBIT C**

10/22/03

(M)

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT OF THE TRIAL COURT
PLYMOUTH COUNTY

OCT 2 2 2003

*Frand R Fower*
CLERK

SUPERIOR COURT
NOS. CR02-00091-001-007

COMMONWEALTH

v.

FREDERICK BUSH

NOTICE OF APPEAL

Notice is hereby given that the defendant in the above case, being aggrieved by

certain opinions, rulings, directions, and judgments of the Court, hereby appeals pursuant

to Massachusetts Rules of Appellate Procedure, Rule 3.


FREDERICK BUSH

By his Attorney,


Michael A. Vitali
COMMITTEE FOR PUBLIC COUNSEL SERVICES
Public Defender Division
144 Main Street, Fourth Floor
Brockton, MA 02301
508/583-5316

**EXHIBIT D**

11-24-03

COMMONWEALTH OF MASSACHUSETTS

Plymouth, ss

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT OF THE TRIAL COURT
PLYMOUTH COUNTY

NOV 2 4 2003

Frmd R Power
CLERK

Superior Court
No(s) 2002-CR0091-5

COMMONWEALTH

v.

Fredrick J Bush

NOTICE OF APPEAL

Now comes the defendant in the above captioned matter who appeals the judgment of this Court on November 19, 2003 by Judge Hinckle

Furthermore, pursuant to Rule 3(a) and 4(b) of the Mass.R. App.P., the Court is hereby notified of his intent to appeal certain opinions, rulings, directions and judgments of the Court in the above captioned matter.

Respectfully Submitted,
By the Defendant,

Fredrick J Bush
pro-se
P.O. Box 9106
Concord, MA    01742-9106

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail, postage prepaid.

Fredrick J Bush
pro-se

Dated: 11-19-2003

cc:Clerk
Assistant District Attorney

**EXHIBIT E**

508-586-3578

Sept 1, 2004   PAGE 02/02

Commonwealth of Massachussetts

(61)

Suffolk County

Suffolk Superior court

Doc# PLCR 2002-00091-7

Commonwealth of Mass.

V.

Fredrick J. Bush, Pro Sé

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT OF THE TRIAL COURT
PLYMOUTH COUNTY

SEP - 7 2004

CLERK

Motion to Compell, recognize:

Now comes defendant whom resp-
ectfully request this honorable court to
recognize, compell, ackmowledge, And
take action to grant relief from a
substantial miscarriage of justice, And
take action on Habeas Corpus Motion
for Unlawfull Restraint filed, docketed
on June 26, 2004 at Brockton Superior
court (4 Margaret Hinkle presiding)

This is a subsequent pleading of a
previous motion to Compell went unanswered
as original Habeas Motion on June 26, 2004.

Respectfully Submitted

Fredrick Bush, Pro Sé.

Sept 1, 2004