```
           UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
FREDERICK J. BUSH,
     Petitioner,


     v.                                  CIVIL ACTION NO.
                                         04-12122-JLT

JOSEPH McDONOUGH, Sheriff of
Plymouth County,
     Respondent.
```

**MEMORANDUM AND ORDER RE:
MOTION TO COMPEL APPOINTMENT OF COUNSEL,
EVIDENTIARY HEARING
(DOCKET ENTRY # 13)**

**REPORT AND RECOMMENDATION RE:
RESPONDENT'S MOTION TO DISMISS
(DOCKET ENTRY # 6)**

**June 17, 2005**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to dismiss (Docket Entry # 6) filed by respondent Joseph McDonough, Sheriff of Plymouth County ("respondent"). Respondent moves to dismiss the above styled petition for writ of habeas corpus filed pro se by petitioner Frederick J. Bush ("petitioner"), an inmate at the Plymouth County Correctional Facility in Plymouth, Massachusetts, on the basis of petitioner's failure to exhaust state court remedies. In addition to filing an opposition to the motion to dismiss, petitioner moves for appointment of counsel and requests an evidentiary hearing. (Docket Entry # 13)

An evidentiary hearing is not required or necessary. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), the court "shall not hold an evidentiary hearing on a

claim unless a petitioner shows that his 'claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.'" Neverson v. Bissonnette, 242 F.Supp.2d 78, 88 (D.Mass. 2003) (quoting section 2254(e)(2)), aff'd on other grounds, 366 F.3d 32 (1st Cir. 2004).  Even if petitioner fell outside the confines of section 2254(e)(2), an evidentiary hearing under pre-AEDPA law is not required.  See Lopez v. Commonwealth of Massachusetts, 349 F.Supp.2d 109, 125 (D.Mass. 2004) (applying pre-AEDPA law regarding need for evidentiary hearing having ascertained that section 2254(e)(2) of AEDPA did not apply because "Lopez did everything reasonably possible to get the relevant facts before the state courts").  The facts taken from the state court record contain all the relevant and necessary undisputed facts.  See, e.g., Neverson v. Bissonnette, 242 F.Supp.2d at 88.

## BACKGROUND

On February 15, 2002, a grand jury sitting in Plymouth County indicted petitioner on the following seven counts:  (1) distributing or manufacturing a Class B controlled substance (Count I); (2) resisting arrest (Count II); (3) armed assault with intent to murder (Count III); (4) assault and battery with a

dangerous weapon (counts IV and VI); (5) possessing or transferring a dangerous weapon without a firearms identification card (Count V); and (6) committing a drug offense in the vicinity of school property (Count VII).

Petitioner filed various pretrial motions after his arraignment including a motion to suppress. On December 9, 2002, the Massachusetts Superior Court Department (Plymouth County) ("the trial court") denied the motion to suppress after conducting an evidentiary hearing. On December 16, 2002, petitioner filed a notice of an interlocutory appeal in the trial court and additionally petitioned the Massachusetts Supreme Judicial Court ("the SJC") for leave to file an interlocutory appeal of the denial of the motion to suppress. <u>See</u> Mass. R. Crim. P. 15(a)(2). On February 21, 2003, a single justice of the SJC denied the petition.

Meanwhile, proceedings continued in the trial court. With the assent of petitioner, the Commonwealth moved to dismiss Count III and the trial court allowed the motion. The trial court also allowed petitioner's motion for a required finding of not guilty as to Count I. On October 17, 2003, following a jury trial, the jury rendered verdicts of guilty with respect to counts II, IV, V, VI and VII.

Sentencing took place on October 22, 2003. On Count II, the trial court sentenced petitioner to two years and one day at the

Massachusetts Correctional Institution at Cedar Junction with 680 days of credit for time served ("the MCI-Cedar Junction sentence").  On Count IV, the trial court sentenced petitioner to two years at the Plymouth County Correctional Facility to run from and after the sentence on Count II.  On Count V, the trial court also sentenced petitioner to two years at the Plymouth County Correctional Facility to run from and after the sentence on Count IV.  The trial court additionally sentenced petitioner to two years probation on Count VI and, on Count VII, two years probation to run concurrent with the probation sentence on Count VI.

    Petitioner filed a number of appeals and post-trial motions after the verdicts.  More specifically, on October 22, 2003, petitioner filed a timely notice of appeal in the trial court pursuant to Rule 3, Mass. R. Crim. P., appealing the convictions ("the direct appeal").[1]  As reflected on the trial court's docket, on October 30, 2003, the court reporter was directed to

---

[1] Although respondent describes the appeal as "nonspecific," it challenges all of the convictions inasmuch as petitioner styles the docket entry number "CR02-00091-001-007." Moreover, the notice of appeal in a criminal case typically need only specify the parties involved. See Mass. R. Crim. P. 3(c). Furthermore, immediately after petitioner filed the notice and consistent with the statutory requirements of Rule 8(b)(2), Mass. R. Crim. P., the clerk notified the various court reporters to prepare transcripts.  Rule 8(b)(2), Mass. R. Crim. P., instructs the clerk of the lower court to order transcripts from the court reporters within ten days of the filing of a notice of appeal. Consequently, the October 22, 2003 notice of appeal was a direct appeal of the convictions and, as reflected on the trial court's docket sheet, awaits completion of the transcripts.

prepare a transcript for the October 14 to 17, 2003 trial and the October 22, 2003 sentencing.[2]

On October 31, 2003, petitioner filed an appeal of the MCI-Cedar Junction sentence. The appeal was referred to the Appellate Division of the Superior Court ("the appellate division") which has the statutory authority to review sentences "to the state prison."[3] See Mass. Gen. L. ch. 278, § 28A; Commonwealth v. D'Amour, 704 N.E.2d 1166, 1181 (Mass. 1999) (authority to review sentences "is delegated to the Appellate Division of the Superior Court. G.L. c. 278, §§ 28A-28C"). On July 23, 2004, the appellate division affirmed the MCI-Cedar Junction sentence and dismissed the appeal without prejudice.

On November 24, 2003, petitioner filed a pro se notice of appeal. This appeal duplicates the prior appeal filed on October 22, 2003, by the Committee for Public Counsel Services.[4]

Petitioner also filed a number of post-trial motions with the trial court. In particular, on November 17, 2003, petitioner filed a motion to waive fees which the trial court denied on January 2, 2004. On November 24, 2003, petitioner filed a motion

---

[2] A transcript of the suppression hearing proceedings was also ordered.

[3] Petitioner could appeal the MCI-Cedar Junction sentence because it was a sentence to a "state prison." See Mass. Gen. L. ch. 125, § 1(o).

[4] Similar to the first notice of appeal, this appeal challenges all of the convictions inasmuch as petitioner styles the docket entry number as "2002-00091-S."

to revise and revoke the sentence.  <u>See</u> Mass. R. Crim. P. 29(a).
That motion is being held in abeyance at petitioner's request.
More recently, on June 24, 2004, petitioner filed a pro se motion
to be released from unlawful restraint.  As of November 4, 2004,
the motion to be released remained pending in the trial court as
did a pro se motion filed on September 7, 2004, to compel the
trial court to act on the June 24, 2004 motion.

In sum, petitioner's direct appeal remains pending in the
trial court awaiting preparation of trial transcripts.[5]  Once the
court reporter prepares the transcripts of the trial and the
sentencing, he or she will deliver them to the clerk.  <u>See</u> Mass.
R. App. P. 8(b)(2).  The clerk will then prepare copies of the
transcripts for the Massachusetts Appeals Court and the parties,
including petitioner.  <u>See</u> Mass. R. App. P. 8(b)(2).  Once
assembled, the clerk will then transmit the entire record to the
Massachusetts Appeals Court.  <u>See</u> Mass. R. App. P. 9(d).

Understandably, petitioner is anxious to proceed with the
appeal.  Nonetheless, it is premature to proceed in federal court
at this juncture.

---

[5] November 4, 2004, is the date of the trial court's docket sheet submitted as an exhibit to respondent's memorandum in support of the motion to dismiss.  (Docket Entry # 7, Ex. A). Accordingly, as of November 4, 2004, the court reporter had not filed the transcripts.  This court's recommendation to dismiss the petition without prejudice would remain the same, however, even if an updated docket sheet as of today's date showed that the court reporter had still not yet filed the transcripts.

6

## DISCUSSION

Respondent asserts that petitioner has not exhausted his state court remedies to the state's highest court, the SJC. Respondent is correct.

Exhaustion, a matter of comity, requires the petitioner to fairly present "'the substance of his federal habeas claim to the state court before seeking federal review.'" Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988); see also Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (the petitioner must present the federal claim "'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question'"). The burden the petitioner bears in fairly and recognizably presenting the factual and legal bases of his federal claim to the state courts is "heavy." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994) ("a petitioner must inform the state court of both the factual and legal underpinnings of the claim").

Even more importantly for present purposes, the petitioner must present the factual and legal underpinnings of the federal claim to the state's highest court, the SJC. In other words, "the petitioner must show that he tendered his federal claim to *the state's highest court* in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Barresi v. Maloney, 296 F.3d 48, 51

(1st Cir. 2002) (internal quotation marks and brackets omitted; emphasis added); accord Rashad v. Walsh, 300 F.3d 27, 41 (1st Cir. 2002) ("the petitioner must have presented both the factual and legal underpinnings of his federal claim to the state's highest court"), cert. denied, 537 U.S. 1236 (2003); Adelson v. DiPaola, 131 F.3d at 263; Mele v. Fitchburg District Court, 850 F.2d 817, 820 (1st Cir. 1988); Burbank v. Maloney, 47 F.Supp.2d 159, 161 (D.Mass. 1999).

In the case at bar, petitioner filed a direct appeal but the appeal has not progressed beyond the level of the trial court. Consequently, petitioner has not presented the substance of the federal claims to the Massachusetts Appeals Court or, more importantly, to the SJC.[6] The state court remedies remain available and are not futile. Cf. Evicci v. Commissioner of Corrections, 226 F.3d 26, 27 (1st Cir. 2000); see generally 28 U.S.C. § 2254(b)(1). Indeed, not only does the direct appeal remain pending but petitioner may, absent a waiver, also attempt to avail himself of state collateral review. See Mass. R. Crim. P. 30(b) & (c).

That said, comity does not require a federal court to countenance inordinate delays in the processing of a state court

---

[6] The bulk of petitioner's claims relate to the allegedly unconstitutional search and seizure. Petitioner is advised that such Fourth Amendment claims are typically barred from federal habeas review. See Sanna v. DiPaolo, 265 F.3d 1, 7-8 (1st Cir. 2001).

appeal.  See Odsen v. Moore, 445 F.2d 806, 807 (1st Cir. 1971) (noting that in the absence of state court proceedings moving a case forward for three years, "court should no longer stay its hand in the interests of comity"); see also LeBlanc v. Grelotti, 910 F.Supp. 826, 830 (D.Mass. 1995) (discussing factors to consider in assessing appellate court delay).  Thus, substantial delays in the processing of a state court appeal may warrant a finding that a petitioner "has actually exhausted his state court remedies."  Hall v. DiPaolo, 986 F.2d 7, 11 (1st Cir. 1993); accord Rheuark v. Shaw, 628 F.2d 297, 307 n. 21 (1st Cir. 1980) (habeas petitioner may seek federal court review without exhausting state court remedies where "statement of facts remains uncompleted after the passage of a substantial length of time").  The present circumstances, however, fall short of requiring a finding of exhaustion where, as here, the time period elapsed is not extraordinary and the record lacks a showing of prejudice.

As a final matter, petitioner's is not entitled to appointment of counsel.  Section 3006A of Title 18 of the United States Code allows for appointment of counsel where the "interests of justice so require" and the person is "financially eligible" and seeking relief under section 2254.  18 U.S.C. § 3006A(2)(B); see Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990) ("court may appoint counsel for any financially eligible person seeking relief under section 2254 when the

interests of justice so require").  Unless the court conducts an evidentiary hearing, however, such an appointment is discretionary.  See Heath v. United States Parole Commission, 788 F.2d 85, 88 (2d Cir. 1986) (noting discretionary nature of appointment); see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (if "court conducts an evidentiary hearing on the petition the interests of justice require that the court appoint counsel").  As previously discussed, an evidentiary hearing is not required.

The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts.  See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993) (discussing application of section 3006A(a)(2) to section 2255 motion, noting coalescence of the three aforementioned circumstances, and citing Battle v. Armontrout, 902 F.2d at 702, a section 2254 case); Battle v. Armontrout, 902 F.2d at 702 (remanding section 2254 petition for appointment of counsel where claim was nonfrivolous, facts and law were complex and the petitioner's incarceration severely hampered his ability to investigate); see also Abdullah v. Norris, 18 F.3d at 573 (where the petitioner presents nonfrivolous claim, court should consider legal and factual complexity of case and the petitioner's ability

to investigate in determining appointment of counsel under section 3006A(a)(2)).  The claims are not factually or legally complex and petitioner's circumstances do not otherwise warrant appointment of counsel.

## CONCLUSION

In accordance with the foregoing discussion, the motion for appointment of counsel and for an evidentiary hearing (Docket Entry # 13) is **DENIED**.  This court **RECOMMENDS**[7] that respondent's motion to dismiss (Docket Entry # 6) be **ALLOWED** and that the petition be **DISMISSED** without prejudice due to the failure to exhaust available state court remedies.

/s/Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[7] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  United States v. Escoboza Vega, 678 F.2d 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).