UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BUSH, | ) |
|           Petitioner, | ) |
| v. | ) C.A. No. 04-12122-JLT |
| JOSEPH D. McDONALD, | ) |
|           Respondent. | ) |

## MEMORANDUM AND ORDER

For the reasons stated below: (1) Petitioner Bush's Motion for Leave to Proceed *in forma pauperis* (#23) on appeal is denied; (2) Petitioner's Motion for a Certificate of Appealability (#21) is denied; and (3) Petitioner's request for appointment of counsel (contained in Motion #21) is denied without prejudice to request such relief from the First Circuit Court of Appeals.

## BACKGROUND

On July 20, 2005 this Court adopted the Report and Recommendation of Magistrate Judge Bowler to grant the Respondent's Motion to Dismiss. On July 26, 2005 Judgment entered for the Respondent (#17). On August 9, 2005 Petitioner Frederick Bush filed a Notice of Appeal, and on September 9, 2005 Petitioner filed a Motion for a Certificate of Appealabilty. The motion also sought appointment of counsel. On September 21, 2005 Petitioner filed an Application to Proceed *in forma pauperis* on appeal.

## ANALYSIS

    I.    <u>Motion for Leave to Proceed *In Forma Pauperis* on Appeal (#23)</u>

Petitioner filed this Court's standard form entitled Application to Proceed Without Prepayment of Fees, averring that he is indigent and without sufficient funds to pay the $255.00 appellate filing fee. However, a review of his Application reveals that it is incomplete, and,

while he alleges he has $.17 in his prison account, this disclosure is not certified by an authorized signatory of the prison facility.  Moreover, the Plaintiff has failed to submit a prison account statement to demonstrate the amount of funds he has on deposit.  An Application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by § 1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2).

Accordingly, this Court finds Petitioner has failed to demonstrate he is without sufficient funds to pay the appellate filing fee, and his Motion (#23) is denied without prejudice to re-submittal of a completed Application form, accompanied by a certified statement of the amount of funds in his prison account.

II.     Motion for Certificate of Appealability and Appointment of Counsel (#21)

Pursuant to 28 U.S.C. § 2253 (c)(2), a certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id.; see Miller-El v. Cockrell, 123 S. Ct. 1029 (2003).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." See Miller-El, 123 S. Ct at 1040 (internal quotation marks omitted).  A claim "can be debatable even though every jurist of reason might agree, after the [Certificate of Appealability] has been granted and the case has received full consideration, that petitioner will not prevail." Id. However, the "issuance of a [Certificate of Appealability] must not be pro forma or a matter of

course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id.

Here, Petitioner has failed to make the requisite showing with respect to the alleged denial of a constitutional right for the reasons previously set forth in the Report and Recommendation (#14) of Magistrate Judge Bowler, which was adopted by this Court and formed the basis for the entry of Judgment for the Respondent. Accordingly, the request for a certificate of appealability is denied.

With respect to Petitioner's assertion that he is frustrated by the legal process and that he needs appointment of counsel, such request is hereby denied without prejudice to seeking such relief from the First Circuit Court of Appeals, in connection with his appeal.

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1. Petitioner's Application to Proceed *in forma pauperis* on appeal (#23) is denied;

2. Petitioner's Motion for a Certificate of Appealability (#21) is denied;

3. Petitioner's request for appointment of counsel (contained in Motion #21) is denied without prejudice to request such relief from the First Circuit Court of Appeals.

SO ORDERED.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: September 27, 2005